IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TUAN ANH TRIEU, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4876 |
| | : | |
| LAUREN SPOTTS, | : | |
|     Defendant. | : | |

## MEMORANDUM

SÁNCHEZ, J.                                                                                                 DECEMBER 20, 2024

*Pro se* Plaintiff Tuan Anh Trieu, an incarcerated individual at SCI Phoenix, asserts constitutional claims pursuant to 42 U.S.C. § 1983 after he was denied reenrollment in the Pennsylvania Department of Corrections' Sex Offender Program, a requirement for his parole. Trieu also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Trieu leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[1]

Trieu names as the sole Defendant Dr. Lauren Spotts, a psychologist at SCI Phoenix who runs the Sex Offender Program at the prison. (Compl. at 4.)[2] Trieu alleges that Spotts violated

---

[1] Trieu used the form complaint available to unrepresented litigants to file his claims and included additional typed pages. (ECF No. 2.) Trieu also attached to his Complaint grievance and other prison documents. (*Id*. at 15-61.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Trieu's Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

[2] Trieu appears to have included sensitive personal information about minor children in exhibits attached to his Complaint. Accordingly, the Court will limit the Complaint to case-participant-view only. Trieu is cautioned that he must redact certain information, such as his full

his Fourteenth Amendment rights by preventing him from participating SCI Phoenix's Sex Offender Program, which he states "deprived [him] of a liberty interest affecting [his] parole eligibility." (*Id*. at 3.) He states that completion of the Sex Offender Program is a requirement before an SCI Phoenix inmate can meet with the parole board. (*Id*. at 13.) Trieu was originally enrolled in the program in March of 2024 after the prison was able to secure a Vietnamese language translator for him. (*Id*. at 28, 31, 44.) For reasons that are not clear from the Complaint, Trieu was removed from the program in June of 2024.[3] (*Id*. at 13, 44.) Trieu was notified by the SCI Phoenix Superintendent in July of 2024 that he would again be afforded an opportunity to reenter the Sex Offender Program "when the Institution believes that [he is] ready to proceed with treatment requirements." (*Id*. at 43.)

Trieu states that Spotts treated him unfairly, is a "racist" who harbors "Asian hate," and is an "evil doctor." (*Id*. at 5, 12.) He further states that Spotts wrote him up for a "misconduct" in April of 2024 in order to have him removed from the program and have his eligibility for parole "prolonged." (*Id*. at 13.) For relief, Trieu requests that the Court help him get "back to the parole board" so that he can be united with his family. (*Id*. at 5.)

## II.  STANDARD OF REVIEW

The Court grants Trieu leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C.

---

social security number, bank account number, birthdate, or full names of minors, when submitting filings to the Court. *See* Fed. R. Civ. P. 5.2; E.D. Pa. Local Civ. R. 5.1.3.

[3] In a July 24, 2024 grievance response, the grievance coordinator stated that Trieu was removed from the program "due to violations of the terms and conditions of the SOP programming." (Compl. at 44.)

[4] Because Trieu is granted *in forma pauperis* status, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Trieu is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

Trieu brings Fourteenth Amendment claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brough against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Trieu to assert a Fourteenth Amendment due process claim based on allegations that Spotts's actions in preventing his completion of the Sex Offender Program "deprived [him] of a liberty interest affecting [his] parole eligibility." (Compl. at 3.)

3

Trieu's due process claim is not plausible, however, because a convicted individual has no constitutionally protected liberty interest in parole or otherwise being released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Thomas v. Buechele*, 569 F. App'x 93, 95 (3d Cir. 2014) (concluding no due process violation caused by delayed parole because the plaintiff had "not alleged the deprivation of a protected liberty interest"). Nor does Trieu have any right to parole based on Pennsylvania law. *See Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Commw. Ct. 1997) ("Because it is a favor, a prisoner has neither an absolute right to parole nor a liberty interest in receiving parole."); *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

Since Trieu has no constitutionally protected liberty interest in parole or any parole procedures, including being provided an interview with the parole board, his claim for a due process violation based on Defendant Spotts's actions in allegedly preventing his completion of the Sex Offender Program necessarily fails. *See, e.g.*, *Merrell v. Lawler*, No. 09-1093, 2010 WL 235109, at *7 (M.D. Pa. Jan. 15, 2010) (dismissing due process claim based on denial of parole after not completing prison sex offender program because the plaintiff has "no federal constitutional right to release on parole"); *Hampton v. Wetzel*, No. 15-897, 2016 WL 561951, at *4 (M.D. Pa. Feb. 12, 2016) (dismissing due process claim based on denial of request for parole interview because the plaintiff had not yet completed the mandatory prison sex offender program and stating "[b]ecause Hampton has no liberty interest in obtaining parole under Pennsylvania

law, he cannot contest the constitutionality of procedural devices attendant to parole decisions, such as scheduling parole hearings"). For these reasons, Trieu's due process claim will be dismissed with prejudice as implausible.

It is possible that Trieu also intended to assert an equal protection claim based on allegations that Spotts treated him unfairly, was a "racist," and harbored "Asian hate." (Compl. at 5, 12.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted). Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus. *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

Trieu's allegations as pled do not raise a plausible inference of intentional discrimination. He merely alleges in conclusory fashion that Spotts treated him unfairly and is "racist" but does not allege any facts that raise a plausible inference that Spotts discriminated him on the basis of his race. Moreover, Trieu has not alleged how Spotts treated differently than other similarly

5

situated inmates who were not in a protected class. This is fatal to any equal protection claim based on race discrimination. *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, Perano must allege facts sufficient to make plausible the existence of such similarly situated parties."); *Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting equal protection claim when inmate did "not allege facts showing that he was similarly situated to the inmates" who received accommodations "or that there was no rational basis for his different treatment"); *Beitler v. City of Allentown*, No. 22-104, 2022 WL 768151, at *8 (E.D. Pa. Mar. 14, 2022) ("We should dismiss the claim when an incarcerated person fails to identify similarly situated individuals being treated differently."). Accordingly, any equal protection claim that Trieu intended to raise is not plausible and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Trieu leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Trieu's due process claim is dismissed with prejudice as any amendment on this claim would be futile. His equal protection claim will be dismissed without prejudice. The Court will permit Trieu to file an amended complaint in the event he can allege facts to cure the defects the Court has noted as to his equal protection claim. An appropriate order follows.

**BY THE COURT:**

    /s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**