IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUAN ANH TRIEU,            : | |
|     Plaintiff,            : | |
|                    : | |
| v.            : | CIVIL ACTION NO. 24-CV-4876 |
|                    : | |
| LAUREN SPOTTS,            : | |
|     Defendant.            : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                                                   **MARCH 5, 2025**

*Pro se* Plaintiff Tuan Anh Trieu, an incarcerated individual at SCI Phoenix, asserts constitutional claims pursuant to 42 U.S.C. § 1983 after he was denied reenrollment in the Pennsylvania Department of Corrections' Sex Offender Program, a requirement for his parole. Trieu was granted leave to proceed *in forma pauperis*. Trieu's initial Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) upon screening as it failed to state a claim. *See Trieu v. Spotts*, No. 24-4876, 2024 WL 5188043, at *3 (E.D. Pa. Dec. 20, 2024). Trieu returned with this Amended Complaint.[1] The Court will dismiss Trieu's Amended Complaint for the reasons stated.

---

[1] Trieu again used the form complaint available to unrepresented litigants to file his claims and added typed pages and exhibits. (ECF No. 10.) Trieu also attached to his Complaint grievance and other prison documents. (*Id*. at 21-71.) The Court considers the entire submission as the Amended Complaint, and adopts the sequential pagination assigned by the CM/ECF docketing system. Trieu subsequently filed a copy of his Amended Complaint but did not attach any of the exhibits or extra typewritten pages to that filing. (*See* ECF No. 12.) Thus, the Court will consider ECF No. 10 as the operative Amended Complaint. The Court will correct punctuation, spelling, and capitalization errors when quoting from the Amended Complaint.

I.  **FACTUAL ALLEGATIONS**[2]

In his initial Complaint, Trieu alleged violations of his Fourteenth Amendment rights by sole Defendant Dr. Lauren Spotts, a psychologist at SCI Phoenix who runs the prison's Sex Offender Program. (Compl. (ECF No. 2) at 4.) Trieu alleged that Spotts deprived him of his liberty interest in parole eligibility by preventing him from participating in the Sex Offender Program, a requirement before an inmate can meet with the parole board. (*Id*. at 3, 13.) Trieu was originally enrolled in the program in March of 2024 but was then removed in June of 2024. (*Id*. at 13, 28, 31, 43-44.) Trieu alleged that Spotts treated him unfairly, is a "racist" who harbors "Asian hate," and is an "evil doctor." (*Id*. at 5, 12.) He further stated that Spotts wrote him up for a "misconduct" in April of 2024 in order to have him removed from the program and have his eligibility for parole "prolonged." (*Id*. at 13.) For relief, Trieu requested that the Court help him get "back to the parole board" so that he can be united with his family. (*Id*. at 5.)

In its December 20 Memorandum, the Court granted Trieu leave to proceed *in forma pauperis* and construed the Complaint as asserting Fourteenth Amendment claims for due process and equal protection. *See Trieu*, 2024 WL 5188043, at *3. The Court concluded that the due process claims must be dismissed with prejudice because "Trieu has no constitutionally protected interest in parole or any parole procedures, including being provided an interview with the parole board." *Id*. at *2 (citing cases). The Court also concluded that Trieu failed to state a plausible equal protection claim because he merely asserted "in conclusory fashion that Spotts treated him unfairly and is 'racist'" but failed to "allege any facts that raise a plausible inference that Spotts discriminated against him on the basis of his race." *Id*. at *3. The Court advised

---

[2] The factual allegations set forth in this Memorandum are taken from Trieu's Amended Complaint. (ECF No. 10.) Where the Court quotes from the Amended Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

Trieu that he could amend his equal protection claim if he could allege facts to cure the defects as to that claim. *Id*. Trieu returned with this Amended Complaint, which again names Dr. Spotts only.

Trieu asserts nearly identical allegations in his Amended Complaint. He states that in July 2022, Spotts invited him to participate SCI Phoenix's Sex Offender Program. (Am. Compl. at 40.) However, Trieu did not enroll in the program until March 2024 because Spotts allegedly failed to complete Trieu's paperwork. (*Id*. at 21-24, 40, 46.) For reasons that are not clear, Trieu was removed from the program a few months later. (*Id*. at 46.)³ Trieu alleges that Spotts treated him unfairly by causing parole board meetings to be "postponed and delayed" in February and May of 2024. (*Id*. at 7, 40.) He further alleges that when he complained about Spotts, she "punished" him "with two misconducts." (*Id*. at 7.) Trieu states that Spotts has "Asian hate" and is a "racist." (*Id*. at 5, 40.) He avers that Spotts refused to translate all of the program documents to Vietnamese and never called Trieu by his name but instead only waved one finger at him. (*Id*. at 40.) Trieu again asserts in his Amended Complaint that he was deprived of his "liberty interest in parole eligibility" by not being permitted to participate in the Sex Offender Program. (*Id*. at 3.) For relief, Trieu again requests that the Court help him get "back to the parole board" so that he can be united with his family. (*Id*. at 5.)

---

³ A grievance document attached as an exhibit to the Amended Complaint reveals that "[o]n 6/18/24, the Sex Offender Treatment Team met with [Trieu] to discuss concerns about [his] participating in the program" and "[t]he final decision of the treatment team was to remove [him] from [his] treatment group due to violations of the terms and conditions of SOP group programing." (Am. Compl. at 46.) Trieu was allegedly placed on a waiting list to be invited to rejoin the program at a later date. (*Id*.)

## II.     STANDARD OF REVIEW

As Trieu is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies and requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Trieu is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Trieu again brings Fourteenth Amendment claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court previously dismissed Trieu's due process claim with prejudice.  *See Trieu*, 2024 WL 5188043, at *2 ("Since Trieu has no constitutionally protected liberty interest in parole or any

parole procedures, including being provided an interview with the parole board, his claim for a due process violation based on Defendant Spotts's actions in allegedly preventing his completion of the Sex Offender Program necessarily fails." (citing cases)).  Accordingly, to the extent that Trieu attempts to reassert a due process claim in his Amended Complaint, the claim is also dismissed with prejudice.

Trieu's equal protection claim remains.  As the Court explained in its December 20 Memorandum, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  To establish an equal protection violation, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class." *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir. 2016) (citing *Hassan v. City of New York*, 804 F.3d 277, 294, 298 (3d Cir. 2015)).  "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).  A plaintiff claiming race-based discrimination must prove defendants acted with racial bias.  *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

In support of an equal protection claim, Trieu again alleges that Spotts harbors "Asian hate" and is a "racist."  (Am. Compl. at 5, 40.)  He also alleges that she treated him unfairly by interfering with his parole board meetings, issuing him misconducts, refusing to translate

documents to Vietnamese, and using hand gestures to get his attention. Although these allegations may raise a plausible inference that Trieu was treated unfairly, this is not enough to state a plausible claim. Notably, Trieu has again failed to allege how Spotts treated him differently than other similarly situated inmates who were not in a race-based protected class. *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, Perano must allege facts sufficient to make plausible the existence of such similarly situated parties."); *Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting equal protection claim when inmate did "not allege facts showing that he was similarly situated to the inmates" who received accommodations "or that there was no rational basis for his different treatment"). Accordingly, Trieu failed to raise a plausible inference that Spotts discriminated against him based on his race.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Trieu's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Trieu has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when

---

[4] To the extent Trieu alleges any claims based on the allegation that he was forced to admit guilt to participate in the Sex Offender Program, the claim similarly lacks merit. *See Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010) (affirming dismissal of First Amendment claim because "the prison may structure its treatment programs and pursue legitimate penological objectives," including conditioning parole for sex offenders on their admission of guilt); *Roman v. DiGuglielmo*, 675 F.3d 204, 214 (3d Cir. 2012) ("Roman's Fifth Amendment claim fails because the consequence he faces—the repeat denial of parole for refusing to participate in the sex offender rehabilitation program—does not rise to the level of compulsion necessary to violate the Fifth Amendment.").

litigant "already had two chances to tell his story"). Accordingly, Trieu's Amended Complaint will be dismissed with prejudice. An appropriate Order follows.

**BY THE COURT:**

    /s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**